ORIGIN ID:GRKA (817) 214-4990
EMILY CHOU
VARTABEDIAN KATZ HESTER & HAYNES
301 COMMERCE STREET
SUITE 2200
FORT WORTH, TX 76102
UNITED STATES US

SHIP DATE: 28AUG26
ACTWGT: 0.20 LB
CAD: 263808295/INET4535

BILL SENDER

TO **REGISTERED AGENT**
**BANK OF AMERICA CORPORATION**
**CT CORPORATION**
**1999 BRYAN STREET**
**SUITE 900**
**DALLAS TX 75201**
(817) 214-4990 REF: LEDBETTER 1238
INV:
PO: DEPT:

58KJ6/C457/484B

FedEx Express

J261026012001uv

**MON - 31 AUG 10:30A**
**PRIORITY OVERNIGHT**

TRK# 0201 **8764 2662 1870**

**75201**
**XP RFGA** TX-US **DFW**

After printing this label:
**CONSIGNEE COPY - PLEASE PLACE IN FRONT OF POUCH**
1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

← **Tracking ID:** 876426621870

| From | | To |
|---|---|---|
| **FORT WORTH, TX US** | → | **DALLAS, TX US** |

## Travel history

| | | | |
|---|---|---|---|
| Friday, 8/28/26 | 10:13 AM | Shipment information sent to FedEx | |
| | 6:52 PM | Picked up | FORT WORTH, TX |
| | 9:00 PM | Left FedEx origin facility | FORT WORTH, TX |
| | 9:39 PM | At destination sort facility | DALLAS, TX |
| Saturday, 8/29/26 | 12:13 AM | Arrived at FedEx hub | MEMPHIS, TN |
| | 2:11 AM | On the way | MEMPHIS, TN |
| | 4:17 AM | Departed FedEx hub | MEMPHIS, TN |
| | 7:14 AM | At local FedEx facility | IRVING, TX |
| Monday, 8/31/26 | 8:24 AM | On FedEx vehicle for delivery | IRVING, TX |
| | 9:22 AM | Delivered | DALLAS, TX |

## Shipment facts

### Shipment overview

| | |
|---|---|
| TRACKING NUMBER | 876426621870 |
| DELIVERED TO | Shipping/Receiving |
| SHIP DATE | 8/28/2026 |
| STANDARD TRANSIT | 8/31/2026 before 10:30 am |
| DELIVERED | 8/31/2026 at 9:22 am |

# UNITED STATES BANKRUPTCY COURT
## FOR THE
## NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **In re TAWNI JEAN LEDBETTER** | § | |
| | § | |
| **Debtor** | § | |
| | § | **Case No. 26-43303-ELM** |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |

## RETURN OF SERVICE

Came to my hand on **Friday, August 28, 2026 at 2:01 PM,**
Executed at: **901 MAIN, DALLAS, TX 75202**
at **2:34 PM,** on **Friday, August 28, 2026,**
by delivering to the within named:

**BANK OF AMERICA, N.A.**

By personally delivering to Authorized Agent, **Edgar Martinez** a true copy of this

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING including its EXHIBIT A, and DEBTOR'S EMERGENCY MOTION TO ENFORCE THE AUTOMATIC STAY AGAINST BANK OF AMERICA, N.A. including its EXHIBITS A through G and [Proposed] ORDER GRANTING DEBTOR'S EMERGENCY MOTION TO ENFORCE THE AUTOMATIC STAY AGAINST BANK OF AMERICA, N.A.**

having first endorsed thereon the date of the delivery.

I am a person not less than eighteen (18) years of age and I am competent to make this oath. I am a resident of the State of Texas. I have personal knowledge of the facts and statements contained herein and aver that each is true and correct. I am not a party to nor related or affiliated with any party to this suit. I have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude.

**My name is Adil Tadli, I am at least 18 years old, and my business address is 5470 L.B.J. Freeway, Dallas, Texas, 75240 in the county of Dallas, United States of America. I declare under penalty of perjury that the foregoing is true and correct.**

Executed in Dallas County, State of Texas, on Saturday, August 29, 2026

**By:**____________________________________
**Adil Tadli - PSC 1206 - Exp 05/31/28**

# UNITED STATES BANKRUPTCY COURT

for the Northern District of Texas

In re Tawni Jean Ledbetter
Debtor

Case No. 26-43303-ELM

*(Complete if issued in an adversary proceeding)*

Chapter 11

Plaintiff
v.

Adv. Proc. No. ______

Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Kari Steiger, Bank Officer & Litigation Specialist, 5701 Horatio St., Utica, NY 13502, Fax: (302) 525-3078
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: on **Exhibit A** attached

| PLACE | DATE AND TIME |
|---|---|
| Vartabedian Katz Hester & Haynes LLP, 301 Commerce St., Ste. 2200, Fort Worth, TX 76102, suki.rosen@vkhh.com, emily.chou@vkhh.com, blake.glatstein@vkhh.com | September 1, 2026 at 5:00 P.M. C.S.T. |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/26/2026

CLERK OF COURT

OR

______________________ *Signature of Clerk or Deputy Clerk*

*/s/ J. Blake Glatstein*
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* **Debtor Tawni Jean Ledbetter** , who issues or requests this subpoena, are:

J. Blake Glatstein, Vartabedian Katz Hester & Haynes LLP, 301 Commerce St., Ste. 2200, Fort Worth, TX 76102, (469) 391-0969, blake.glatstein@vkhh.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ______________________
________________________________________________________________
______________________________ on *(date)* __________________ ; or

☐ I returned the subpoena unexecuted because: ______________________________________
________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________
*Server's signature*

________________________________
*Printed name and title*

________________________________
*Server's address*

Additional information concerning attempted service, etc.:

RETURN / AFFIDAVIT
PROOF / ATTACHED

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

Jeff Prostok
State Bar No. 16352500
Suzanne K. Rosen
State Bar No. 00798518
Emily S. Chou
State Bar No. 24006997
J. Blake Glatstein
State Bar No. 24123295
**VARTABEDIAN KATZ HESTER & HAYNES LLP**
301 Commerce Street, Suite 2200
Fort Worth, Texas 76102
Tel: 817-214-4990
Fax: 817-214-4988
jeff.prostok@vkhh.com
suki.rosen@vkhh.com
emily.chou@vkhh.com
blake.glatstein@vkhh.com

***Proposed Counsel for Debtor and Debtor-in-Possession***

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **TAWNI JEAN LEDBETTER,** | § | **Case No. 26-43303-ELM** |
| | § | |
| **Debtor.** | § | |

**DEBTOR'S REQUEST FOR PRODUCTION FROM**
**THIRD PARTY BANK OF AMERICA, N.A**

Pursuant to Federal Rule of Civil Procedure 34 and Federal Bankruptcy Rule of Procedure 7034, Debtor Tawni Jean Ledbetter (the "Debtor") serves the following Requests for Production (the "Requests" or "RFPs") on Third Party Bank of America, N.A. ("BofA") pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

Date: August 27, 2026

Respectfully submitted,

By: */s/ J. Blake Glatstein*

Jeff P. Prostok
State Bar No. 16352500
Suzanne K. Rosen
State Bar No. 00798518
Emily S. Chou
State Bar No. 24006997
J. Blake Glatstein
State Bar No. 24123295
VARTABEDIAN KATZ HESTER & HAYNES LLP
301 Commerce Street, Suite 2200
Fort Worth, Texas 76102
Tel: (817) 214-4990
Fax: (817) 214-4988
jeff.prostok@vkhh.com
suki.rosen@vkhh.com
emily.chou@vkhh.com
blake.glatstein@vkhh.com

***Proposed Counsel for Debtor and Debtor-in-Possession Tawni Jean Ledbetter***

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2026, a true and correct copy of the attached document was served to Bank of America, N.A., via facsimile and online subpoena portal to:

Bank of America
Attn: Kari Steiger
Bank Officer & Litigation Specialist
Fax: (302) 525-3078

https://www.bankofamerica.com/subpoena-services/

The Debtor will update the certificate of service when a true and correct copy of the attached document is served via U.S. Mail, FedEx, and/or personal service to:

Bank of America
Attn: Kari Steiger
Bank Officer & Litigation Specialist
5701 Horatio Street
Utica, New York 13502

Bank of America, N.A.
Registered Agent
901 Main St., 19th Floor
Dallas, TX 75202

Bank of America Corporation
c/o Registered Agent
CT Corporation System
1999 Bryan St., Ste. 900
Dallas, TX 75201-3136

*/s/ J. Blake Glatstein*
J. Blake Glatstein

## DEFINITIONS

For purposes of these Requests, the following terms are defined below.

1. "Debtor" means Tawni Jean Ledbetter (a/k/a Tawni Jean Jones and Tawni Jones-Ledbetter), SSN 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.

2. "BofA" includes Bank of America, N.A., and any of its principals, officers, or agents.

3. "Debtor's Entities" include, but are not limited to, Cub Realty, LLC (EIN 82-5434618); Iron Horse Appaloosa Ranch, LLC (EIN 42-1733076); Iron Horse Cub, LLC (EIN 82-4693785); L&T Iron Horse, LLC (EIN 99-1305434); and TJ's New Leaf, LLC (n/a).

4. "Debtor's BofA Accounts", "BofA Accounts", or "Debtor's Bank Accounts" means any accounts owned or controlled by the Debtor or the Debtor's Entities, including but not limited to bank accounts numbers 488140220537, 488141324144, 488077420497, 488052419902, 488076854404, 488123449445, and 488123244006.

5. "State Court" means any court of any U.S. state, including the Texas district and probate courts in Hood County, Texas.

6. "Hood County Court" means the Texas district and probate courts in Hood County, Texas.

7. "State Court Matter" means the matter styled *In the Estate of Lonnie K. Ledbetter, Jr., Deceased*, Case No. P10686, pending in Hood County, Texas.

8. "State Court Plaintiffs" means Kendall Kaye Ledbetter Hohmann and Lonnie Kossuth Ledbetter, III, a/k/a Trace Ledbetter.

9. "State Court Plaintiffs' Counsel" means the Hartnett Law Firm, including from its identified staff, identified paralegals, or attorneys Jim Hartnett, Jr., Will Hartnett, Melinda J. Hartnett, or Patrick Crim, or the law firm of Munsch Hardt Kopf & Harr, P.C., including from its identified staff, identified paralegals, or attorneys Deborah M. Perry, Julian P. Vasek, Garrick C. Smith, Kyle Jaksa, or Davor Rukavina

10. "Bankruptcy Matter" means the above-styled chapter 11 filing, *In re Tawni Jean Ledbetter*, Case No. 26-43303, pending in the U.S. Bankruptcy Court for the Northern District of Texas, Fort Worth Division.

11. "Petition Date" means the date the Debtor filed her chapter 11 petition on July 29, 2026.

12. "Relating to," "relevant to," "referring to," or "reflecting" means any and all information which refers to, pertains to, reflects upon, or is in any way logically or factually connected with or may afford any information regarding the matters referenced.

13. "Including" shall mean including but not limited to.

14. "And" and "or" shall be construed as conjunctive or disjunctive to ensure the provision of additional information or more complete answers, and to avoid the questions herein being considered ambiguous, inaccurate, or confusing. In other words, "and" shall include "or," and "or" also shall include "and."

15. "Person" or "persons" includes natural persons, firms, partnerships, associations, organizations, joint ventures, corporations, and other entities.

16. "Documents" refer to any and all writings and all other written, printed, computer-generated, records, and graphic/pictorial matter of any kind, however stored, produced, or reproduced, and all identical and non-identical copies and prior drafts within BofA's knowledge, possession, custody, or control. The term "documents" includes, without limiting the generality of the foregoing, all originals, copies and drafts of all memoranda, reports, letters, telegrams, electronic mail, other electronic correspondence, and any other communications or information recorded in any form or medium; notes, minutes, and transcripts of conferences, meetings, and telephone or other communications; transparencies, view-graphs, foils, slides, handouts, and multimedia presentations; contracts and other agreements; statements, ledgers, and other records of financial matters or commercial transactions; notebooks and diaries; plans and specifications; manuals; studies; publications; photographs; diagrams, graphs, charts, and other drawings; photocopies, microfilm, and other copies or reproductions; audio and video recordings; tape, disk (including all forms of magnetic, magneto-optical, and optical disks), and other electronic recordings; financial models, statistical models and other data compilations; and computer printouts. In all cases where originals and identical or non-identical copies and drafts are not available, "documents" means copies of such documents and any portions thereof. The term includes all drafts of a document; the original document (or a copy thereof if the original is not available); and all copies that differ in any way from the original (including as to any notations, underlining, or other markings). The term also includes information stored in, or accessible through, computer or other information retrieval systems, together with instructions and all other materials necessary to use or interpret such data compilations.

17. "Communications" refer to any transfer of information, ideas, opinions, or thoughts by any means (whether oral or written), at any time or place, under any circumstances. Communications include statements, dialogues, colloquialisms, discussions, conversations, agreements, expressions of any kind, correspondence, e-mails, text messages, facsimiles, memoranda, letters, notes, face-to-face conversations, telephone conversations, social media messages or posts, instant messages, electronic chat messages, newsletters, announcements, and press releases.

# INSTRUCTIONS

1. Objections and responses to these Requests shall be made in writing and served by September 1, 2026. BofA must: a) specify the part of the request that is objectionable and respond and allow inspection of materials responsive to the remainder of the request; and b) state whether any responsive materials are being withheld based on an objection.

2. Unless otherwise specified, the relevant period related to these Requests is from the Petition Date to the present. These Requests are continuing in nature, and responsive documents should be produced as they become available.

3. The Debtor requests production of ESI in native format with metadata and production load files, and transactional data (e.g., ledger exports, wire logs) in usable native formats in compliance with Federal Rule of Civil Procedure 34(a)(1).

4. These Requests call to produce all responsive documents in BofA's possession, custody, or control or for which BofA has the legal right to obtain the documents requested. If BofA's response is that BofA does not have the legal right to obtain the requested documents, or the documents are not within BofA's possession or custody, BofA's response should identify to the best of BofA's knowledge who has the possession, custody, or control and the location of the documents.

5. If any responsive document or thing has been lost, destroyed, or otherwise is no longer in BofA's possession, custody, or control, BofA's response should include for each such Document or thing:

   a. The author, addressees, and any other recipients of the Document or thing;
   b. The date of the Document or thing (or state that it is not dated);
   c. A description in reasonable detail of the Document or thing;
   d. The reason the document or thing is no longer in BofA's possession, custody, or control; and
   e. If it was destroyed or otherwise disposed of, the reason it was destroyed or otherwise disposed of; and
   f. The full name and contact information for any person(s) who may have knowledge or information relating to the document or thing.

6. Documents are to be produced as kept in the usual course of business with any identifying labels, file markings, or similar identifying features or shall be organized and labeled to correspond to the categories requested herein. If there are no documents in response to a particular Request or if BofA withholds any responsive documents or categories of documents based on any objections, BofA shall state so in writing.

7. If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege or work product, BofA must provide a privilege log.

8. Examples of responsive items set out in any Request should not be construed to limit the scope of the Request.

9. These Requests are continuing, to the fullest extent allowed by Federal Rule of Civil Procedure 26(e), to request: a) BofA's response to these Requests by September 1, 2026, as requested by the Debtor, or within 30 days as permitted by the Federal Rule; and b) prompt supplementation of BofA when appropriate or necessary.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Any Documents or Communications received Relating to the Debtor, the Debtor's Entities, or the Debtor's BofA Accounts from any party Relating to the State Court Matter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** Any Documents or Communications received Relating to the Debtor, the Debtor's Entities, or the Debtor's BofA Accounts from any party Relating to the Bankruptcy Matter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** Any Documents or Communications received Relating to the Debtor, the Debtor's Entities, or the Debtor's BofA Accounts from State Court Plaintiffs or their counsel, agent, or representative.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** Any Documents or Communications received Relating to the Debtor, the Debtor's Entities, or the Debtor's BofA Accounts from State Court Plaintiffs' Counsel.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** Any Documents or Communications received Relating to the Debtor, the Debtor's Entities, or the Debtor's BofA Accounts from Catherine H. Goodman, as an individual, in her capacity as the receiver of the Jones-Ledbetter Family Revocable Trust or in her capacity as the temporary administrator of the Estate of Lonnie K. Ledbetter, Jr., Deceased, or her counsel, agent, or representative.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** Any Documents or Communications forming the basis for BofA's decision to freeze, lock, or remove Debtor's control of the Debtor's BofA Accounts on or about August 21, 2026, or August 25, 2026.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** Any Documents or Communications identifying or sufficient to show the date any Documents or Communications responsive to Request Nos. 1 to 6 were received by BofA, including postmarks, facsimile cover pages, email headers, phone logs, mail logs, return receipts, packing slips, packing receipts, or date letterhead.

**RESPONSE:**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

**for the Northern** District of **Texas**

In re **Tawni Jean Ledbetter**
Debtor

*(Complete if issued in an adversary proceeding)*

______________________
Plaintiff
v.
______________________
Defendant

Case No. **26-43303-ELM**

Chapter **11**

Adv. Proc. No. ______________

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Kari Steiger, Bank Officer & Litigation Specialist, 5701 Horatio St., Utica, NY 13502, Fax: (302) 525-3078**
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: on **Exhibit A** attached

| PLACE | DATE AND TIME |
|---|---|
| **Vartabedian Katz Hester & Haynes LLP, 301 Commerce St., Ste. 2200, Fort Worth, TX 76102, suki.rosen@vkhh.com, emily.chou@vkhh.com,blake.glatstein@vkhh.com** | **September 1, 2026 at 5:00 P.M. C.S.T.** |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **08/26/2026**

CLERK OF COURT

OR

______________________ *Signature of Clerk or Deputy Clerk*

***/s/ J. Blake Glatstein***
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* **Debtor Tawni Jean Ledbetter** , who issues or requests this subpoena, are:

**J. Blake Glatstein, Vartabedian Katz Hester & Haynes LLP, 301 Commerce St., Ste. 2200, Fort Worth, TX 76102, (469) 391-0969, blake.glatstein@vkhh.com**

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: BANK OF AMERICA CORPORATION c/o REGISTERED AGENT CT CORPORATION SYSTEM, 1999 BRYAN ST., STE 900, DALLAS, TX
on *(date)* __________ .

☑ I served the subpoena by delivering a copy to the named person as follows: HAND DELIVERY TO BANK OF AMERICA CORPORATION REGISTERED AGENT CT CORPORATION SYSTEM, 1999 BRYAN ST., STE 900, DALLAS, TX @ 9:54 AM
on *(date)* AUGUST 28, 2026 ; or

☐ I returned the subpoena unexecuted because: ____________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ __________ .

My fees are $ — for travel and $ — for services, for a total of $ — .

I declare under penalty of perjury that this information is true and correct.

Date: AUGUST 28, 2026

[signature]
*Server's signature*

DAVID MOORE, PSC-17184, EX: 10/31/2027
*Printed name and title*

301 COMMERCE ST., STE 240, FORT WORTH, TX 76102
*Server's address*

Additional information concerning attempted service, etc.:

Fax To (302) 525-3078 Aug 28th, 2026 9:37am CST

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

UNITED STATES BANKRUPTCY COURT

for the Northern District of Texas

In re Tawni Jean Ledbetter
Debtor

(Complete if issued in an adversary proceeding)

_______________
Plaintiff
v.
_______________
Defendant

Case No. 26-43303-ELM

Chapter 11

Adv. Proc. No. ________

SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: Karl Steiger, Bank Officer & Litigation Specialist, 5701 Horatio St., Utica, NY 13502, Fax: (302) 525-3078
(Name of person to whom the subpoena is directed)

[X] *Production:* YOU ARE COMMANDED to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material, on Exhibit A attached

| PLACE | DATE AND TIME |
|---|---|
| Vartabedian Katz Hester & Haynes LLP, 301 Commerce St., Ste. 1200, Fort Worth, TX 76102, [illegible]@vkhh.com, emily.chen@vkhh.com, blake.glatstein@vkhh.com | September 1, 2026 at 5:00 P.M. C.S.T. |

[ ] *Inspection of Premises:* YOU ARE COMMANDED to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 08/26/2026

CLERK OF COURT

OR

_______________ /s/ J. Blake Glatstein
*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Debtor Tawni Jean Ledbetter, who issues or requests this subpoena, are:
J. Blake Glatstein, Vartabedian Katz Hester & Haynes LLP, 301 Commerce St., Ste. 1200, Fort Worth, TX 76102, (469) 391-0949, blake.glatstein@vkhh.com

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

| | |
|---|---|
| **To** | (302) 525 - 3078 |
| **From** | (817) 214 - 4988 |
| **Sender** | Teresa Roberson<br>**teresa.roberson@vkhh.com** |
| **Result** | Fax Send Successful |
| **Subject** | In re: Tawni Jean Ledbetter, Case No. 26-43303-ELM |
| **Pages Sent** | 14 / 14 |
| **Transmission Time** | 7 mins, 57 seconds |
| **Sent From** | Dashboard |
| **Page Size** | Letter |
| **Resolution** | Fine |

| ATTACHMENT FILE NAME | SIZE | PAGES |
|---|---|---|
| Third-Party Subpoena to Bank of America NA unredacted.pdf | 1.07 mb | 13 |

# UNITED STATES BANKRUPTCY COURT

**for the Northern** District of **Texas**

In re **Tawni Jean Ledbetter**
Debtor

Case No. **26-43303-ELM**

Chapter **11**

*(Complete if issued in an adversary proceeding)*

________________
Plaintiff
v.

Adv. Proc. No. ________

________________
Defendant

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Kari Steiger, Bank Officer & Litigation Specialist, 5701 Horatio St., Utica, NY 13502, Fax: (302) 525-3078**
*(Name of person to whom the subpoena is directed)*

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: on **Exhibit A** attached

| PLACE | DATE AND TIME |
|---|---|
| **Vartabedian Katz Hester & Haynes LLP, 301 Commerce St., Ste. 2200, Fort Worth, TX 76102, suki.rosen@vkhh.com, emily.chou@vkhh.com,blake.glatstein@vkhh.com** | **September 1, 2026 at 5:00 P.M. C.S.T.** |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **08/26/2026**

CLERK OF COURT

OR

________________
*Signature of Clerk or Deputy Clerk*

***/s/ J. Blake Glatstein***
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* **Debtor Tawni Jean Ledbetter** , who issues or requests this subpoena, are:

**J. Blake Glatstein, Vartabedian Katz Hester & Haynes LLP, 301 Commerce St., Ste. 2200, Fort Worth, TX 76102, (469) 391-0969, blake.glatstein@vkhh.com**

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ______________________________
______________________________________________________________________
______________________________ on (*date*) ____________________ ; or

☐ I returned the subpoena unexecuted because: ______________________________
______________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ________________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information concerning attempted service, etc.:

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
…
**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

Jeff Prostok
State Bar No. 16352500
Suzanne K. Rosen
State Bar No. 00798518
Emily S. Chou
State Bar No. 24006997
J. Blake Glatstein
State Bar No. 24123295
**VARTABEDIAN KATZ HESTER & HAYNES LLP**
301 Commerce Street, Suite 2200
Fort Worth, Texas 76102
Tel: 817-214-4990
Fax: 817-214-4988
jeff.prostok@vkhh.com
suki.rosen@vkhh.com
emily.chou@vkhh.com
blake.glatstein@vkhh.com

***Proposed Counsel for Debtor and Debtor-in-Possession***

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **TAWNI JEAN LEDBETTER,** | § | **Case No. 26-43303-ELM** |
| | § | |
| **Debtor.** | § | |

**DEBTOR'S REQUEST FOR PRODUCTION FROM**
**THIRD PARTY BANK OF AMERICA, N.A**

Pursuant to Federal Rule of Civil Procedure 34 and Federal Bankruptcy Rule of Procedure 7034, Debtor Tawni Jean Ledbetter (the "Debtor") serves the following Requests for Production (the "Requests" or "RFPs") on Third Party Bank of America, N.A. ("BofA") pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

Date: August 27, 2026

Respectfully submitted,

By: */s/ J. Blake Glatstein*

Jeff P. Prostok
State Bar No. 16352500
Suzanne K. Rosen
State Bar No. 00798518
Emily S. Chou
State Bar No. 24006997
J. Blake Glatstein
State Bar No. 24123295
VARTABEDIAN KATZ HESTER & HAYNES LLP
301 Commerce Street, Suite 2200
Fort Worth, Texas 76102
Tel: (817) 214-4990
Fax: (817) 214-4988
jeff.prostok@vkhh.com
suki.rosen@vkhh.com
emily.chou@vkhh.com
blake.glatstein@vkhh.com

***Proposed Counsel for Debtor and Debtor-in-Possession Tawni Jean Ledbetter***

# CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2026, a true and correct copy of the attached document was served to Bank of America, N.A., via facsimile and online subpoena portal to:

Bank of America
Attn: Kari Steiger
Bank Officer & Litigation Specialist
Fax: (302) 525-3078

https://www.bankofamerica.com/subpoena-services/

The Debtor will update the certificate of service when a true and correct copy of the attached document is served via U.S. Mail, FedEx, and/or personal service to:

Bank of America
Attn: Kari Steiger
Bank Officer & Litigation Specialist
5701 Horatio Street
Utica, New York 13502

Bank of America, N.A.
Registered Agent
901 Main St., 19th Floor
Dallas, TX 75202

Bank of America Corporation
c/o Registered Agent
CT Corporation System
1999 Bryan St., Ste. 900
Dallas, TX 75201-3136

*/s/ J. Blake Glatstein*
J. Blake Glatstein

## DEFINITIONS

For purposes of these Requests, the following terms are defined below.

1. "Debtor" means Tawni Jean Ledbetter (a/k/a Tawni Jean Jones and Tawni Jones-Ledbetter), SSN 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.

2. "BofA" includes Bank of America, N.A., and any of its principals, officers, or agents.

3. "Debtor's Entities" include, but are not limited to, Cub Realty, LLC (EIN 82-5434618); Iron Horse Appaloosa Ranch, LLC (EIN 42-1733076); Iron Horse Cub, LLC (EIN 82-4693785); L&T Iron Horse, LLC (EIN 99-1305434); and TJ's New Leaf, LLC (n/a).

4. "Debtor's BofA Accounts", "BofA Accounts", or "Debtor's Bank Accounts" means any accounts owned or controlled by the Debtor or the Debtor's Entities, including but not limited to bank accounts numbers 488140220537, 488141324144, 488077420497, 488052419902, 488076854404, 488123449445, and 488123244006.

5. "State Court" means any court of any U.S. state, including the Texas district and probate courts in Hood County, Texas.

6. "Hood County Court" means the Texas district and probate courts in Hood County, Texas.

7. "State Court Matter" means the matter styled *In the Estate of Lonnie K. Ledbetter, Jr., Deceased*, Case No. P10686, pending in Hood County, Texas.

8. "State Court Plaintiffs" means Kendall Kaye Ledbetter Hohmann and Lonnie Kossuth Ledbetter, III, a/k/a Trace Ledbetter.

9. "State Court Plaintiffs' Counsel" means the Hartnett Law Firm, including from its identified staff, identified paralegals, or attorneys Jim Hartnett, Jr., Will Hartnett, Melinda J. Hartnett, or Patrick Crim, or the law firm of Munsch Hardt Kopf & Harr, P.C., including from its identified staff, identified paralegals, or attorneys Deborah M. Perry, Julian P. Vasek, Garrick C. Smith, Kyle Jaksa, or Davor Rukavina

10. "Bankruptcy Matter" means the above-styled chapter 11 filing, *In re Tawni Jean Ledbetter*, Case No. 26-43303, pending in the U.S. Bankruptcy Court for the Northern District of Texas, Fort Worth Division.

11. "Petition Date" means the date the Debtor filed her chapter 11 petition on July 29, 2026.

12. "Relating to," "relevant to," "referring to," or "reflecting" means any and all information which refers to, pertains to, reflects upon, or is in any way logically or factually connected with or may afford any information regarding the matters referenced.

13. “Including” shall mean including but not limited to.

14. “And” and “or” shall be construed as conjunctive or disjunctive to ensure the provision of additional information or more complete answers, and to avoid the questions herein being considered ambiguous, inaccurate, or confusing. In other words, “and” shall include “or,” and “or” also shall include “and.”

15. “Person” or “persons” includes natural persons, firms, partnerships, associations, organizations, joint ventures, corporations, and other entities.

16. “Documents” refer to any and all writings and all other written, printed, computer-generated, records, and graphic/pictorial matter of any kind, however stored, produced, or reproduced, and all identical and non-identical copies and prior drafts within BofA’s knowledge, possession, custody, or control. The term “documents” includes, without limiting the generality of the foregoing, all originals, copies and drafts of all memoranda, reports, letters, telegrams, electronic mail, other electronic correspondence, and any other communications or information recorded in any form or medium; notes, minutes, and transcripts of conferences, meetings, and telephone or other communications; transparencies, view-graphs, foils, slides, handouts, and multimedia presentations; contracts and other agreements; statements, ledgers, and other records of financial matters or commercial transactions; notebooks and diaries; plans and specifications; manuals; studies; publications; photographs; diagrams, graphs, charts, and other drawings; photocopies, microfilm, and other copies or reproductions; audio and video recordings; tape, disk (including all forms of magnetic, magneto-optical, and optical disks), and other electronic recordings; financial models, statistical models and other data compilations; and computer printouts. In all cases where originals and identical or non-identical copies and drafts are not available, “documents” means copies of such documents and any portions thereof. The term includes all drafts of a document; the original document (or a copy thereof if the original is not available); and all copies that differ in any way from the original (including as to any notations, underlining, or other markings). The term also includes information stored in, or accessible through, computer or other information retrieval systems, together with instructions and all other materials necessary to use or interpret such data compilations.

17. “Communications” refer to any transfer of information, ideas, opinions, or thoughts by any means (whether oral or written), at any time or place, under any circumstances. Communications include statements, dialogues, colloquialisms, discussions, conversations, agreements, expressions of any kind, correspondence, e-mails, text messages, facsimiles, memoranda, letters, notes, face-to-face conversations, telephone conversations, social media messages or posts, instant messages, electronic chat messages, newsletters, announcements, and press releases.

# INSTRUCTIONS

1. Objections and responses to these Requests shall be made in writing and served by September 1, 2026. BofA must: a) specify the part of the request that is objectionable and respond and allow inspection of materials responsive to the remainder of the request; and b) state whether any responsive materials are being withheld based on an objection.

2. Unless otherwise specified, the relevant period related to these Requests is from the Petition Date to the present. These Requests are continuing in nature, and responsive documents should be produced as they become available.

3. The Debtor requests production of ESI in native format with metadata and production load files, and transactional data (e.g., ledger exports, wire logs) in usable native formats in compliance with Federal Rule of Civil Procedure 34(a)(1).

4. These Requests call to produce all responsive documents in BofA's possession, custody, or control or for which BofA has the legal right to obtain the documents requested. If BofA's response is that BofA does not have the legal right to obtain the requested documents, or the documents are not within BofA's possession or custody, BofA's response should identify to the best of BofA's knowledge who has the possession, custody, or control and the location of the documents.

5. If any responsive document or thing has been lost, destroyed, or otherwise is no longer in BofA's possession, custody, or control, BofA's response should include for each such Document or thing:

   a. The author, addressees, and any other recipients of the Document or thing;
   b. The date of the Document or thing (or state that it is not dated);
   c. A description in reasonable detail of the Document or thing;
   d. The reason the document or thing is no longer in BofA's possession, custody, or control; and
   e. If it was destroyed or otherwise disposed of, the reason it was destroyed or otherwise disposed of; and
   f. The full name and contact information for any person(s) who may have knowledge or information relating to the document or thing.

6. Documents are to be produced as kept in the usual course of business with any identifying labels, file markings, or similar identifying features or shall be organized and labeled to correspond to the categories requested herein. If there are no documents in response to a particular Request or if BofA withholds any responsive documents or categories of documents based on any objections, BofA shall state so in writing.

7. If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege or work product, BofA must provide a privilege log.

8. Examples of responsive items set out in any Request should not be construed to limit the scope of the Request.

9. These Requests are continuing, to the fullest extent allowed by Federal Rule of Civil Procedure 26(e), to request: a) BofA's response to these Requests by September 1, 2026, as requested by the Debtor, or within 30 days as permitted by the Federal Rule; and b) prompt supplementation of BofA when appropriate or necessary.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Any Documents or Communications received Relating to the Debtor, the Debtor's Entities, or the Debtor's BofA Accounts from any party Relating to the State Court Matter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** Any Documents or Communications received Relating to the Debtor, the Debtor's Entities, or the Debtor's BofA Accounts from any party Relating to the Bankruptcy Matter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** Any Documents or Communications received Relating to the Debtor, the Debtor's Entities, or the Debtor's BofA Accounts from State Court Plaintiffs or their counsel, agent, or representative.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** Any Documents or Communications received Relating to the Debtor, the Debtor's Entities, or the Debtor's BofA Accounts from State Court Plaintiffs' Counsel.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** Any Documents or Communications received Relating to the Debtor, the Debtor's Entities, or the Debtor's BofA Accounts from Catherine H. Goodman, as an individual, in her capacity as the receiver of the Jones-Ledbetter Family Revocable Trust or in her capacity as the temporary administrator of the Estate of Lonnie K. Ledbetter, Jr., Deceased, or her counsel, agent, or representative.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** Any Documents or Communications forming the basis for BofA's decision to freeze, lock, or remove Debtor's control of the Debtor's BofA Accounts on or about August 21, 2026, or August 25, 2026.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** Any Documents or Communications identifying or sufficient to show the date any Documents or Communications responsive to Request Nos. 1 to 6 were received by BofA, including postmarks, facsimile cover pages, email headers, phone logs, mail logs, return receipts, packing slips, packing receipts, or date letterhead.

**RESPONSE:**

After printing this label:
**CONSIGNEE COPY - PLEASE PLACE IN FRONT OF POUCH**
1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

---

ORIGIN ID:GRKA (817) 214-4990
EMILY CHOU
VARTABEDIAN KATZ HESTER & HAYNES
301 COMMERCE STREET
SUITE 2200
FORT WORTH, TX 76102
UNITED STATES US

SHIP DATE: 28AUG26
ACTWGT: 0.20 LB
CAD: 263808295/INET4535

BILL SENDER

TO **KARI STEIGER, BANK OFFICER**
**BANK OF AMERICA NA**
**5701 HORATIO STREET**

**UTICA NY 13502**
(817) 214-4990 REF: LEDBETTER 1238
INV:
PO: DEPT:

58KJ6/C457/484B

FedEx Express

E

J261026012001uv

**MON - 31 AUG 10:30A**
**PRIORITY OVERNIGHT**

TRK# 0201 **8764 5158 1153**

**13502**
**XA UCAA** NY-US **SYR**

← **Tracking ID:** 876451581153

Local Scan Time

# Travel history

Sort by: Ascending

| | | | |
|---|---|---|---|
| Friday, 8/28/26 | 6:01 PM | **Shipment information sent to FedEx** | |
| | 6:52 PM | **Picked up** | FORT WORTH, TX |
| | 9:00 PM | **Left FedEx origin facility** | FORT WORTH, TX |
| Saturday, 8/29/26 | 12:13 AM | **Arrived at FedEx hub** | MEMPHIS, TN |
| | 1:47 AM | **On the way** | MEMPHIS, TN |
| | 3:47 AM | **Departed FedEx hub** | MEMPHIS, TN |
| | 6:50 AM | **At destination sort facility** | SYRACUSE, NY |
| | 9:26 AM | **At local FedEx facility**<br>Your package is expected to arrive on the scheduled delivery date | MARCY, NY |
| | 9:54 AM | **At local FedEx facility** | MARCY, NY |
| Monday, 8/31/26 | 7:36 AM | **At local FedEx facility** | MARCY, NY |
| | 7:52 AM | **On FedEx vehicle for delivery** | MARCY, NY |
| | 8:48 AM | **Delivered** | UTICA, NY |

# Shipment facts

## Shipment overview

| | |
|---|---|
| **TRACKING NUMBER** | 876451581153 |
| **DELIVERED TO** | Shipping/Receiving |
| **SHIP DATE** | 8/28/2026 |
| **STANDARD TRANSIT** | 8/31/2026 before 10:30 am |
| **DELIVERED** | 8/31/2026 at 8:48 am |

Fax To (302) 525-3078 Aug 28th, 2026 5:51pm CST



Case 26-43303-elm11 Doc 61 Filed 08/28/26 Entered 08/28/26 17:03:06 Desc Main
Document Page 1 of 3

Susanne K. Rosen
State Bar No. 00798518
Emily S. Chou
State Bar No. 24006997
J. Blake Glatstein
State Bar No. 24123295
**VARTABEDIAN KATZ HESTER & HAYNES LLP**
301 Commerce Street, Suite 2200
Fort Worth, Texas 76102
Tel: 817-214-4990
Email: suki.rosen@vkhh.com
emily.chou@vkhh.com
blake.glatstein@vkhh.com

PROPOSED ATTORNEYS FOR DEBTOR
AND DEBTOR-IN-POSSESSION

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **TAWNI JEAN LEDBETTER,** | § | **Case No.: 26-43303-elm** |
| | § | |
| **Debtor.** | § | |
| | § | |

**NOTICE OF EXPEDITED HEARING**

**PLEASE TAKE NOTICE** that an expedited hearing on the *Debtor's Emergency Motion to Enforce the Automatic Stay Against Bank of America, N.A.* [Dkt. No. 57] has been set for **September 1, 2026 at 1:30 p.m. Central Time** before the Honorable Edward Lee Morris, United States Bankruptcy Judge for the Northern District of Texas, Fort Worth Division, Room 204, U.S. Courthouse, 501 West Tenth Street, Fort Worth, Texas 76102.

**WebEx Video Instructions**

**For WebEx Video Participation/Attendance:**

Link: https://us-courts.webex.com/meet/morris

Meeting Number: 2309-445-3213

1

| | |
|---|---|
| **To** | (302) 525 - 3078 |
| **From** | (817) 214 - 4988 |
| **Sender** | Teresa Roberson<br>**teresa.roberson@vkhh.com** |
| **Result** | Fax Send Successful |
| **Subject** | In re: Tawni Jean Ledbetter, No 26-43303, USBC NDTX |
| **Pages Sent** | 4 / 4 |
| **Transmission Time** | 1 min, 37 seconds |
| **Sent From** | Dashboard |
| **Page Size** | Letter |
| **Resolution** | Fine |

| ATTACHMENT FILE NAME | SIZE | PAGES |
|---|---|---|
| 061 NOH Expedited- Sept 1 re Emergency Mo to Enforce Stay dkt 57.pdf | 164.83 kb | 3 |

# FAX

Teresa M. Roberson
Legal Assistant
Vartabedian Katz Hester & Haynes LLP
301 Commerce Street, Suite 2200
Fort Worth, Texas 76102
817-214-4990
teresa.roberson@vkhh.com

**TO:**

Name: Kari Steiger, Bank Officer, Litigation Specialist

Fax Number: (302) 525-3078 # of Pages: 4
(including cover sheet)

**FROM:**

Name: Teresa Roberson

Fax Number: (817) 214-4988

**Subject:** In re: Tawni Jean Ledbetter, No 26-43303, USBC NDTX

**Message:**

Ms. Steiger,

Please see attached Notice of Expedited Hearing in the above-captioned matter.

Thank you

Teresa M Roberson

Susanne K. Rosen
State Bar No. 00798518
Emily S. Chou
State Bar No. 24006997
J. Blake Glatstein
State Bar No. 24123295
**VARTABEDIAN KATZ HESTER & HAYNES LLP**
301 Commerce Street, Suite 2200
Fort Worth, Texas 76102
Tel: 817-214-4990
Email: suki.rosen@vkhh.com
emily.chou@vkhh.com
blake.glatstein@vkhh.com

PROPOSED ATTORNEYS FOR DEBTOR
AND DEBTOR-IN-POSSESSION

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| **TAWNI JEAN LEDBETTER,** | § | **Case No.: 26-43303-elm** |
| | § | |
| **Debtor.** | § | |
| | § | |

## NOTICE OF EXPEDITED HEARING

**PLEASE TAKE NOTICE** that an expedited hearing on the *Debtor's Emergency Motion to Enforce the Automatic Stay Against Bank of America, N.A.* [Dkt. No. 57] has been set for **September 1, 2026 at 1:30 p.m. Central Time** before the Honorable Edward Lee Morris, United States Bankruptcy Judge for the Northern District of Texas, Fort Worth Division, Room 204, U.S. Courthouse, 501 West Tenth Street, Fort Worth, Texas 76102.

### WebEx Video Instructions

**For WebEx Video Participation/Attendance:**

Link: https://us-courts.webex.com/meet/morris

Meeting Number: 2309-445-3213

**For WebEx Telephonic Only Participation/Attendance**:

Dial-In: 1.650.479.3207

Access Code: 2309-445-3213

WebEx Hearing Instructions may be obtained from Judge Morris' hearing/calendar site:

https://www.txnb.uscourts.gov/judges-info/hearing-dates/judge-morris-hearing-dates-0.

Dated: August 28, 2026

Respectfully submitted,

*/s/ Emily S. Chou*
Susanne K. Rosen
State Bar No. 00798518
Emily S. Chou
State Bar No. 24006997
J. Blake Glatstein
State Bar No. 24123295
**VARTABEDIAN KATZ HESTER & HAYNES LLP**
301 Commerce Street, Suite 2200
Fort Worth, Texas 76102
Tel: 817-214-4990
Email: suki.rosen@vkhh.com
emily.chou@vkhh.com
blake.glatstein@vkhh.com

PROPOSED ATTORNEYS FOR THE DEBTOR AND DEBTOR-IN-POSSESSION

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing document has been served on August 28, 2026, upon parties on the attached Service List via U.S. Mail, first class postage prepaid, to all counsel of record via the Court's ECF filing system and on Bank of America, N.A., by FedEx, U.S. Mail, facsimile (where available), and by personal service (Dallas):

Bank of America, N.A.
Attn: Kari Steiger
Bank Officer & Litigation Specialist
5701 Horatio Street
Utica, New York 13502
Fax: (302) 525-3078

Bank of America, N.A.
Registered Agent
901 Main St., 19th Floor
Dallas, TX 75202

*/s/ Emily S. Chou*
Emily S. Chou

ORIGIN ID:GRKA (817) 214-4990
EMILY CHOU
VARTABEDIAN KATZ HESTER & HAYNES
301 COMMERCE STREET
SUITE 2200
FORT WORTH, TX 76102
UNITED STATES US

SHIP DATE: 27AUG26
ACTWGT: 0.50 LB
CAD: 263808295/INET4535

BILL SENDER

TO **KARI STEIGER, BANK OFFICER**
**BANK OF AMERICA NA**
**5701 HORATIO STREET**

**UTICA NY 13502**
(817) 214-4990 REF: LEDBETTER 1238
INV:
PO: DEPT:

58KJ6/C457/484B

FedEx Express

E

J261026012001uv

**FRI - 28 AUG 10:30A**
**PRIORITY OVERNIGHT**

TRK# 0201 **8763 9792 4775**

**13502**
**SYR**

**XA UCAA** NY-US

After printing this label:
**CONSIGNEE COPY - PLEASE PLACE IN FRONT OF POUCH**
1. Fold the printed page along the horizontal line.
2. Place label in shipping pouch and affix it to your shipment.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

← **Tracking ID:** 876397924775

Local Scan Time

# Travel history

Sort by: Ascending

| | | | |
|---|---|---|---|
| Thursday, 8/27/26 | 5:47 PM | Shipment information sent to FedEx | |
| | 6:56 PM | Picked up | FORT WORTH, TX |
| | 9:06 PM | Left FedEx origin facility | FORT WORTH, TX |
| Friday, 8/28/26 | 12:21 AM | Arrived at FedEx hub | MEMPHIS, TN |
| | 3:06 AM | On the way | MEMPHIS, TN |
| | 3:30 AM | Departed FedEx hub | MEMPHIS, TN |
| | 8:47 AM | At local FedEx facility | MARCY, NY |
| | 8:53 AM | On FedEx vehicle for delivery | MARCY, NY |
| | 10:03 AM | Delivered | UTICA, NY |

# Shipment facts

## Shipment overview

| | |
|---|---|
| TRACKING NUMBER | 876397924775 |
| DELIVERED TO | Shipping/Receiving |
| SHIP DATE | 8/27/2026 |
| STANDARD TRANSIT | 8/28/2026 before 10:30 am |
| DELIVERED | 8/28/2026 at 10:03 am |

Thu Aug 27th, 2026 10:43 PM Central Time

# FAX

J. Blake Glatstein
TX State Bar No. 24123295
VARTABEDIAN KATZ HESTER & HAYNES LLP
301 Commerce Street, Suite 2200
Fort Worth, Texas 76102
Direct Line: (469) 391-0969
Email: blake.glatstein@vkhh.com

**TO:**

Name: Kari Steiger, Bank Officer & Litigation Specialist

Fax Number: (302) 525-3078 # of Pages: 14
(including cover sheet)

**FROM:**

Name: Vartabedian Katz Hester & Haynes LLP

Fax Number: (214) 281-4978

**Subject:** Third-Party Subpoena to Bank of America, N.A.

**Message:**

Ms. Steiger,

My firm represents Tawni Jean Ledbetter, the debtor and debtor-in-possession, in the chapter 11 case no. 26-43303-ELM, styled as In re Tawni Jean Ledbetter, pending in the U.S. Bankruptcy Court for the Northern District of Texas. Pursuant to Rule 45 of the Federal Rules of Civil Procedure, made applicable to the above-referenced bankruptcy proceeding by Rule 9016 of the Federal Rules of Bankruptcy Procedure, my firm, Vartabedian Katz Hester & Haynes, LLP, issued and serves this third-party subpoena (the "Subpoena") to Bank of America, N.A., to produce documents, information, or objects in the above-styled bankruptcy proceeding. Pursuant to the Subpoena, the Debtor requests the production of the documents on or before September 1, 2026.

Best regards,
J. Blake Glatstein

Sent with HumbleFax.com

# UNITED STATES BANKRUPTCY COURT

**for the Northern** District of **Texas**

In re **Tawni Jean Ledbetter**
Debtor

Case No. **26-43303-ELM**

*(Complete if issued in an adversary proceeding)*

Chapter **11**

____________________
Plaintiff
v.
____________________
Defendant

Adv. Proc. No. __________

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Kari Steiger, Bank Officer & Litigation Specialist, 5701 Horatio St., Utica, NY 13502, Fax: (302) 525-3078**
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: on **Exhibit A** attached

| PLACE | DATE AND TIME |
|---|---|
| **Vartabedian Katz Hester & Haynes LLP, 301 Commerce St., Ste. 2200, Fort Worth, TX 76102, suki.rosen@vkhh.com, emily.chou@vkhh.com,blake.glatstein@vkhh.com** | **September 1, 2026 at 5:00 P.M. C.S.T.** |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **08/26/2026**

CLERK OF COURT

OR

____________________ ***/s/ J. Blake Glatstein***
*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* **Debtor Tawni Jean Ledbetter** , who issues or requests this subpoena, are:

**J. Blake Glatstein, Vartabedian Katz Hester & Haynes LLP, 301 Commerce St., Ste. 2200, Fort Worth, TX 76102, (469) 391-0969, blake.glatstein@vkhh.com**

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ____________________________________
____________________________________________________________________________________________________
__________________________________ on *(date)* __________________ ; or

☐ I returned the subpoena unexecuted because: ____________________________________________________________
____________________________________________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ _______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

________________________________________________
*Server's signature*

________________________________________________
*Printed name and title*

________________________________________________
*Server's address*

Additional information concerning attempted service, etc.:

# Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
## (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

…

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

Jeff Prostok
State Bar No. 16352500
Suzanne K. Rosen
State Bar No. 00798518
Emily S. Chou
State Bar No. 24006997
J. Blake Glatstein
State Bar No. 24123295
**VARTABEDIAN KATZ HESTER & HAYNES LLP**
301 Commerce Street, Suite 2200
Fort Worth, Texas 76102
Tel: 817-214-4990
Fax: 817-214-4988
jeff.prostok@vkhh.com
suki.rosen@vkhh.com
emily.chou@vkhh.com
blake.glatstein@vkhh.com

***Proposed Counsel for Debtor and Debtor-in-Possession***

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **TAWNI JEAN LEDBETTER,** | § | **Case No. 26-43303-ELM** |
| | § | |
| **Debtor.** | § | |

**DEBTOR'S REQUEST FOR PRODUCTION FROM**
**<u>THIRD PARTY BANK OF AMERICA, N.A</u>**

Pursuant to Federal Rule of Civil Procedure 34 and Federal Bankruptcy Rule of Procedure 7034, Debtor Tawni Jean Ledbetter (the "Debtor") serves the following Requests for Production (the "Requests" or "RFPs") on Third Party Bank of America, N.A. ("BofA") pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

Date: August 27, 2026

Respectfully submitted,

By: */s/ J. Blake Glatstein*

Jeff P. Prostok
State Bar No. 16352500
Suzanne K. Rosen
State Bar No. 00798518
Emily S. Chou
State Bar No. 24006997
J. Blake Glatstein
State Bar No. 24123295
VARTABEDIAN KATZ HESTER & HAYNES LLP
301 Commerce Street, Suite 2200
Fort Worth, Texas 76102
Tel: (817) 214-4990
Fax: (817) 214-4988
jeff.prostok@vkhh.com
suki.rosen@vkhh.com
emily.chou@vkhh.com
blake.glatstein@vkhh.com

***Proposed Counsel for Debtor and Debtor-in-Possession Tawni Jean Ledbetter***

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2026, a true and correct copy of the attached document was served to Bank of America, N.A., via facsimile and online subpoena portal to:

Bank of America
Attn: Kari Steiger
Bank Officer & Litigation Specialist
Fax: (302) 525-3078

https://www.bankofamerica.com/subpoena-services/

The Debtor will update the certificate of service when a true and correct copy of the attached document is served via U.S. Mail, FedEx, and/or personal service to:

Bank of America
Attn: Kari Steiger
Bank Officer & Litigation Specialist
5701 Horatio Street
Utica, New York 13502

Bank of America, N.A.
Registered Agent
901 Main St., 19th Floor
Dallas, TX 75202

Bank of America Corporation
c/o Registered Agent
CT Corporation System
1999 Bryan St., Ste. 900
Dallas, TX 75201-3136

*/s/ J. Blake Glatstein*
J. Blake Glatstein

**DEFINITIONS**

For purposes of these Requests, the following terms are defined below.

1. "Debtor" means Tawni Jean Ledbetter (a/k/a Tawni Jean Jones and Tawni Jones-Ledbetter), SSN 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.

2. "BofA" includes Bank of America, N.A., and any of its principals, officers, or agents.

3. "Debtor's Entities" include, but are not limited to, Cub Realty, LLC (EIN 82-5434618); Iron Horse Appaloosa Ranch, LLC (EIN 42-1733076); Iron Horse Cub, LLC (EIN 82-4693785); L&T Iron Horse, LLC (EIN 99-1305434); and TJ's New Leaf, LLC (n/a).

4. "Debtor's BofA Accounts", "BofA Accounts", or "Debtor's Bank Accounts" means any accounts owned or controlled by the Debtor or the Debtor's Entities, including but not limited to bank accounts numbers 488140220537, 488141324144, 488077420497, 488052419902, 488076854404, 488123449445, and 488123244006.

5. "State Court" means any court of any U.S. state, including the Texas district and probate courts in Hood County, Texas.

6. "Hood County Court" means the Texas district and probate courts in Hood County, Texas.

7. "State Court Matter" means the matter styled *In the Estate of Lonnie K. Ledbetter, Jr., Deceased*, Case No. P10686, pending in Hood County, Texas.

8. "State Court Plaintiffs" means Kendall Kaye Ledbetter Hohmann and Lonnie Kossuth Ledbetter, III, a/k/a Trace Ledbetter.

9. "State Court Plaintiffs' Counsel" means the Hartnett Law Firm, including from its identified staff, identified paralegals, or attorneys Jim Hartnett, Jr., Will Hartnett, Melinda J. Hartnett, or Patrick Crim, or the law firm of Munsch Hardt Kopf & Harr, P.C., including from its identified staff, identified paralegals, or attorneys Deborah M. Perry, Julian P. Vasek, Garrick C. Smith, Kyle Jaksa, or Davor Rukavina

10. "Bankruptcy Matter" means the above-styled chapter 11 filing, *In re Tawni Jean Ledbetter*, Case No. 26-43303, pending in the U.S. Bankruptcy Court for the Northern District of Texas, Fort Worth Division.

11. "Petition Date" means the date the Debtor filed her chapter 11 petition on July 29, 2026.

12. "Relating to," "relevant to," "referring to," or "reflecting" means any and all information which refers to, pertains to, reflects upon, or is in any way logically or factually connected with or may afford any information regarding the matters referenced.

13. "Including" shall mean including but not limited to.

14. "And" and "or" shall be construed as conjunctive or disjunctive to ensure the provision of additional information or more complete answers, and to avoid the questions herein being considered ambiguous, inaccurate, or confusing. In other words, "and" shall include "or," and "or" also shall include "and."

15. "Person" or "persons" includes natural persons, firms, partnerships, associations, organizations, joint ventures, corporations, and other entities.

16. "Documents" refer to any and all writings and all other written, printed, computer-generated, records, and graphic/pictorial matter of any kind, however stored, produced, or reproduced, and all identical and non-identical copies and prior drafts within BofA's knowledge, possession, custody, or control. The term "documents" includes, without limiting the generality of the foregoing, all originals, copies and drafts of all memoranda, reports, letters, telegrams, electronic mail, other electronic correspondence, and any other communications or information recorded in any form or medium; notes, minutes, and transcripts of conferences, meetings, and telephone or other communications; transparencies, view-graphs, foils, slides, handouts, and multimedia presentations; contracts and other agreements; statements, ledgers, and other records of financial matters or commercial transactions; notebooks and diaries; plans and specifications; manuals; studies; publications; photographs; diagrams, graphs, charts, and other drawings; photocopies, microfilm, and other copies or reproductions; audio and video recordings; tape, disk (including all forms of magnetic, magneto-optical, and optical disks), and other electronic recordings; financial models, statistical models and other data compilations; and computer printouts. In all cases where originals and identical or non-identical copies and drafts are not available, "documents" means copies of such documents and any portions thereof. The term includes all drafts of a document; the original document (or a copy thereof if the original is not available); and all copies that differ in any way from the original (including as to any notations, underlining, or other markings). The term also includes information stored in, or accessible through, computer or other information retrieval systems, together with instructions and all other materials necessary to use or interpret such data compilations.

17. "Communications" refer to any transfer of information, ideas, opinions, or thoughts by any means (whether oral or written), at any time or place, under any circumstances. Communications include statements, dialogues, colloquialisms, discussions, conversations, agreements, expressions of any kind, correspondence, e-mails, text messages, facsimiles, memoranda, letters, notes, face-to-face conversations, telephone conversations, social media messages or posts, instant messages, electronic chat messages, newsletters, announcements, and press releases.

**INSTRUCTIONS**

1. Objections and responses to these Requests shall be made in writing and served by September 1, 2026. BofA must: a) specify the part of the request that is objectionable and respond and allow inspection of materials responsive to the remainder of the request; and b) state whether any responsive materials are being withheld based on an objection.

2. Unless otherwise specified, the relevant period related to these Requests is from the Petition Date to the present. These Requests are continuing in nature, and responsive documents should be produced as they become available.

3. The Debtor requests production of ESI in native format with metadata and production load files, and transactional data (e.g., ledger exports, wire logs) in usable native formats in compliance with Federal Rule of Civil Procedure 34(a)(1).

4. These Requests call to produce all responsive documents in BofA's possession, custody, or control or for which BofA has the legal right to obtain the documents requested. If BofA's response is that BofA does not have the legal right to obtain the requested documents, or the documents are not within BofA's possession or custody, BofA's response should identify to the best of BofA's knowledge who has the possession, custody, or control and the location of the documents.

5. If any responsive document or thing has been lost, destroyed, or otherwise is no longer in BofA's possession, custody, or control, BofA's response should include for each such Document or thing:

   a. The author, addressees, and any other recipients of the Document or thing;
   b. The date of the Document or thing (or state that it is not dated);
   c. A description in reasonable detail of the Document or thing;
   d. The reason the document or thing is no longer in BofA's possession, custody, or control; and
   e. If it was destroyed or otherwise disposed of, the reason it was destroyed or otherwise disposed of; and
   f. The full name and contact information for any person(s) who may have knowledge or information relating to the document or thing.

6. Documents are to be produced as kept in the usual course of business with any identifying labels, file markings, or similar identifying features or shall be organized and labeled to correspond to the categories requested herein. If there are no documents in response to a particular Request or if BofA withholds any responsive documents or categories of documents based on any objections, BofA shall state so in writing.

7. If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege or work product, BofA must provide a privilege log.

8. Examples of responsive items set out in any Request should not be construed to limit the scope of the Request.

9. These Requests are continuing, to the fullest extent allowed by Federal Rule of Civil Procedure 26(e), to request: a) BofA's response to these Requests by September 1, 2026, as requested by the Debtor, or within 30 days as permitted by the Federal Rule; and b) prompt supplementation of BofA when appropriate or necessary.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Any Documents or Communications received Relating to the Debtor, the Debtor's Entities, or the Debtor's BofA Accounts from any party Relating to the State Court Matter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** Any Documents or Communications received Relating to the Debtor, the Debtor's Entities, or the Debtor's BofA Accounts from any party Relating to the Bankruptcy Matter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** Any Documents or Communications received Relating to the Debtor, the Debtor's Entities, or the Debtor's BofA Accounts from State Court Plaintiffs or their counsel, agent, or representative.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** Any Documents or Communications received Relating to the Debtor, the Debtor's Entities, or the Debtor's BofA Accounts from State Court Plaintiffs' Counsel.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** Any Documents or Communications received Relating to the Debtor, the Debtor's Entities, or the Debtor's BofA Accounts from Catherine H. Goodman, as an individual, in her capacity as the receiver of the Jones-Ledbetter Family Revocable Trust or in her capacity as the temporary administrator of the Estate of Lonnie K. Ledbetter, Jr., Deceased, or her counsel, agent, or representative.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** Any Documents or Communications forming the basis for BofA's decision to freeze, lock, or remove Debtor's control of the Debtor's BofA Accounts on or about August 21, 2026, or August 25, 2026.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** Any Documents or Communications identifying or sufficient to show the date any Documents or Communications responsive to Request Nos. 1 to 6 were received by BofA, including postmarks, facsimile cover pages, email headers, phone logs, mail logs, return receipts, packing slips, packing receipts, or date letterhead.

**RESPONSE:**

# AFFIDAVIT OF SERVICE

**Case No. 26-43303-ELM**

**In re:**

**Tawni Jean Ledbetter**

My name is Manuel Rodriguez; I am over 18 years of age. I am authorized to deliver Citations, Subpoenas, and other notices within the State of Texas. I am not associated with the parties nor interested in the outcome of this matter. I am fully competent to testify to the matters stated in this affidavit. I have personal knowledge of the facts and statements contained in this affidavit.

**On August 27, 2026, I received the following.**

**1)** Debtor's Emergency Motion to Enforce the Automatic Stay Against Bank of America.

**I was contracted to deliver these documents to**

Bank of America
301 Commerce Street
Fort Worth, TX 76102

On Thursday August 27, 2026, at 3:45 I hand delivered these documents to Elijah Kilbane, the Financial Center Manager who is authorized to accept service, at Bank of America, 301 Commerce Street Fort Worth, TX 76102.

**My name is Manuel Rodriguez, my date of birth is 3-11-75 and my address is 301 Commerce Street, Suite 240, Fort Worth, TX 76102. I declare under penalty of perjury that the foregoing is true and correct.**

**Date: 08/27/2026**

**Manuel Rodriguez**
**PSC28627**
**Ex. 4/30/27**
**Tarrant County**
**State of Texas**

[redacted]

| | |
|---|---|
| Court case number | **26-43303-ELM** |
| Case opened | **August 27, 2026** |
| Court case name | **IN RE TAWNI JEAN LEDBETTER** |

We'll never ask for your personal information such as SSN or ATM PIN in email messages. If you get an email that looks suspicious or you are not the intended recipient of this email, don't click on any links. Instead, forward to abuse@bankofamerica.com then delete it.

Please don't reply to this automatically generated service email.

Privacy Notice Equal Housing Lender

Bank of America, N.A. Member FDIC.
© 2026 Bank of America Corporation.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE**
**NORTHERN DISTRICT OF TEXAS**

| | | |
|---|---|---|
| **In re TAWNI JEAN LEDBETTER** | § | |
| | § | |
| **Debtor** | § | |
| | § | **Case No. 26-43303-ELM** |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |

**RETURN OF SERVICE**

Came to my hand on **Friday, August 28, 2026 at 2:01 PM,**
Executed at: **901 MAIN, DALLAS, TX 75202**
at **2:34 PM,** on **Friday, August 28, 2026,**
by delivering to the within named:

**BANK OF AMERICA, N.A.**

By personally delivering to Authorized Agent, **Edgar Martinez** a true copy of this

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING including its EXHIBIT A, and DEBTOR'S EMERGENCY MOTION TO ENFORCE THE AUTOMATIC STAY AGAINST BANK OF AMERICA, N.A. including its EXHIBITS A through G and [Proposed] ORDER GRANTING DEBTOR'S EMERGENCY MOTION TO ENFORCE THE AUTOMATIC STAY AGAINST BANK OF AMERICA, N.A.**

having first endorsed thereon the date of the delivery.

I am a person not less than eighteen (18) years of age and I am competent to make this oath. I am a resident of the State of Texas. I have personal knowledge of the facts and statements contained herein and aver that each is true and correct. I am not a party to nor related or affiliated with any party to this suit. I have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude.

**My name is Adil Tadli, I am at least 18 years old, and my business address is 5470 L.B.J. Freeway, Dallas, Texas, 75240 in the county of Dallas, United States of America. I declare under penalty of perjury that the foregoing is true and correct.**

Executed in Dallas County, State of Texas, on Saturday, August 29, 2026

By:______________________
**Adil Tadli - PSC 1206 - Exp 05/31/28**

B2570 (Form 2570 – Subpoena to Produce Documents, Information, or Objects or To Permit Inspection in a Bankruptcy Case or Adversary Proceeding) (12/15)

# UNITED STATES BANKRUPTCY COURT

**for the Northern** District of **Texas**

In re **Tawni Jean Ledbetter**
Debtor

(*Complete if issued in an adversary proceeding*)

Case No. **26-43303-ELM**

Chapter **11**

_______________
Plaintiff
v.
_______________
Defendant

Adv. Proc. No. _______________

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS OR TO PERMIT INSPECTION OF PREMISES IN A BANKRUPTCY CASE (OR ADVERSARY PROCEEDING)

To: **Kari Steiger, Bank Officer & Litigation Specialist, 5701 Horatio St., Utica, NY 13502, Fax: (302) 525-3078**
*(Name of person to whom the subpoena is directed)*

[X] *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: on **Exhibit A** attached

| PLACE | DATE AND TIME |
|---|---|
| **Vartabedian Katz Hester & Haynes LLP, 301 Commerce St., Ste. 2200, Fort Worth, TX 76102, suki.rosen@vkhh.com, emily.chou@vkhh.com, blake.glatstein@vkhh.com** | **September 1, 2026 at 5:00 P.M. C.S.T.** |

[ ] *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| PLACE | DATE AND TIME |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: **08/26/2026**

CLERK OF COURT

OR

_______________
*Signature of Clerk or Deputy Clerk*

***/s/ J. Blake Glatstein***
*Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* **Debtor Tawni Jean Ledbetter** , who issues or requests this subpoena, are:

**J. Blake Glatstein, Vartabedian Katz Hester & Haynes LLP, 301 Commerce St., Ste. 2200, Fort Worth, TX 76102, (469) 391-0969, blake.glatstein@vkhh.com**

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

## PROOF OF SERVICE

**(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)**

I received this subpoena for *(name of individual and title, if any)*: ______________________________
on *(date)* __________ .

☐ I served the subpoena by delivering a copy to the named person as follows: ______________________________

______________________________________________________________________

______________________________ on *(date)* __________________ ; or

☐ I returned the subpoena unexecuted because: ______________________________

______________________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $ ______________________ .

My fees are $ _________ for travel and $_________ for services, for a total of $_________ .

I declare under penalty of perjury that this information is true and correct.

Date: _______________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information concerning attempted service, etc.:

RETURN / AFFIDAVIT
PROOF / ATTACHED

## Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)
### (made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
(i) is a party or a party's officer; or
(ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
(A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
(B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
*(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
*(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
*(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
*(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information; or
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
*(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
*(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
*(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
*(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
*(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
*(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
*(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

# EXHIBIT A

Jeff Prostok
State Bar No. 16352500
Suzanne K. Rosen
State Bar No. 00798518
Emily S. Chou
State Bar No. 24006997
J. Blake Glatstein
State Bar No. 24123295
**VARTABEDIAN KATZ HESTER & HAYNES LLP**
301 Commerce Street, Suite 2200
Fort Worth, Texas 76102
Tel: 817-214-4990
Fax: 817-214-4988
jeff.prostok@vkhh.com
suki.rosen@vkhh.com
emily.chou@vkhh.com
blake.glatstein@vkhh.com

***Proposed Counsel for Debtor and Debtor-in-Possession***

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| | § | |
| **In re:** | § | **Chapter 11** |
| | § | |
| **TAWNI JEAN LEDBETTER,** | § | **Case No. 26-43303-ELM** |
| | § | |
| **Debtor.** | § | |

**DEBTOR'S REQUEST FOR PRODUCTION FROM**
**THIRD PARTY BANK OF AMERICA, N.A**

Pursuant to Federal Rule of Civil Procedure 34 and Federal Bankruptcy Rule of Procedure 7034, Debtor Tawni Jean Ledbetter (the "Debtor") serves the following Requests for Production (the "Requests" or "RFPs") on Third Party Bank of America, N.A. ("BofA") pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Bankruptcy Procedure.

Date: August 27, 2026

Respectfully submitted,

By: */s/ J. Blake Glatstein*

Jeff P. Prostok
State Bar No. 16352500
Suzanne K. Rosen
State Bar No. 00798518
Emily S. Chou
State Bar No. 24006997
J. Blake Glatstein
State Bar No. 24123295
VARTABEDIAN KATZ HESTER & HAYNES LLP
301 Commerce Street, Suite 2200
Fort Worth, Texas 76102
Tel: (817) 214-4990
Fax: (817) 214-4988
jeff.prostok@vkhh.com
suki.rosen@vkhh.com
emily.chou@vkhh.com
blake.glatstein@vkhh.com

***Proposed Counsel for Debtor and Debtor-in-Possession Tawni Jean Ledbetter***

**CERTIFICATE OF SERVICE**

I hereby certify that on August 27, 2026, a true and correct copy of the attached document was served to Bank of America, N.A., via facsimile and online subpoena portal to:

Bank of America
Attn: Kari Steiger
Bank Officer & Litigation Specialist
Fax: (302) 525-3078

https://www.bankofamerica.com/subpoena-services/

The Debtor will update the certificate of service when a true and correct copy of the attached document is served via U.S. Mail, FedEx, and/or personal service to:

Bank of America
Attn: Kari Steiger
Bank Officer & Litigation Specialist
5701 Horatio Street
Utica, New York 13502

Bank of America, N.A.
Registered Agent
901 Main St., 19th Floor
Dallas, TX 75202

Bank of America Corporation
c/o Registered Agent
CT Corporation System
1999 Bryan St., Ste. 900
Dallas, TX 75201-3136

*/s/ J. Blake Glatstein*
J. Blake Glatstein

## DEFINITIONS

For purposes of these Requests, the following terms are defined below.

1. "Debtor" means Tawni Jean Ledbetter (a/k/a Tawni Jean Jones and Tawni Jones-Ledbetter), SSN 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.

2. "BofA" includes Bank of America, N.A., and any of its principals, officers, or agents.

3. "Debtor's Entities" include, but are not limited to, Cub Realty, LLC (EIN 82-5434618); Iron Horse Appaloosa Ranch, LLC (EIN 42-1733076); Iron Horse Cub, LLC (EIN 82-4693785); L&T Iron Horse, LLC (EIN 99-1305434); and TJ's New Leaf, LLC (n/a).

4. "Debtor's BofA Accounts", "BofA Accounts", or "Debtor's Bank Accounts" means any accounts owned or controlled by the Debtor or the Debtor's Entities, including but not limited to bank accounts numbers 488140220537, 488141324144, 488077420497, 488052419902, 488076854404, 488123449445, and 488123244006.

5. "State Court" means any court of any U.S. state, including the Texas district and probate courts in Hood County, Texas.

6. "Hood County Court" means the Texas district and probate courts in Hood County, Texas.

7. "State Court Matter" means the matter styled *In the Estate of Lonnie K. Ledbetter, Jr., Deceased*, Case No. P10686, pending in Hood County, Texas.

8. "State Court Plaintiffs" means Kendall Kaye Ledbetter Hohmann and Lonnie Kossuth Ledbetter, III, a/k/a Trace Ledbetter.

9. "State Court Plaintiffs' Counsel" means the Hartnett Law Firm, including from its identified staff, identified paralegals, or attorneys Jim Hartnett, Jr., Will Hartnett, Melinda J. Hartnett, or Patrick Crim, or the law firm of Munsch Hardt Kopf & Harr, P.C., including from its identified staff, identified paralegals, or attorneys Deborah M. Perry, Julian P. Vasek, Garrick C. Smith, Kyle Jaksa, or Davor Rukavina

10. "Bankruptcy Matter" means the above-styled chapter 11 filing, *In re Tawni Jean Ledbetter*, Case No. 26-43303, pending in the U.S. Bankruptcy Court for the Northern District of Texas, Fort Worth Division.

11. "Petition Date" means the date the Debtor filed her chapter 11 petition on July 29, 2026.

12. "Relating to," "relevant to," "referring to," or "reflecting" means any and all information which refers to, pertains to, reflects upon, or is in any way logically or factually connected with or may afford any information regarding the matters referenced.

13. "Including" shall mean including but not limited to.

14. "And" and "or" shall be construed as conjunctive or disjunctive to ensure the provision of additional information or more complete answers, and to avoid the questions herein being considered ambiguous, inaccurate, or confusing. In other words, "and" shall include "or," and "or" also shall include "and."

15. "Person" or "persons" includes natural persons, firms, partnerships, associations, organizations, joint ventures, corporations, and other entities.

16. "Documents" refer to any and all writings and all other written, printed, computer-generated, records, and graphic/pictorial matter of any kind, however stored, produced, or reproduced, and all identical and non-identical copies and prior drafts within BofA's knowledge, possession, custody, or control. The term "documents" includes, without limiting the generality of the foregoing, all originals, copies and drafts of all memoranda, reports, letters, telegrams, electronic mail, other electronic correspondence, and any other communications or information recorded in any form or medium; notes, minutes, and transcripts of conferences, meetings, and telephone or other communications; transparencies, view-graphs, foils, slides, handouts, and multimedia presentations; contracts and other agreements; statements, ledgers, and other records of financial matters or commercial transactions; notebooks and diaries; plans and specifications; manuals; studies; publications; photographs; diagrams, graphs, charts, and other drawings; photocopies, microfilm, and other copies or reproductions; audio and video recordings; tape, disk (including all forms of magnetic, magneto-optical, and optical disks), and other electronic recordings; financial models, statistical models and other data compilations; and computer printouts. In all cases where originals and identical or non-identical copies and drafts are not available, "documents" means copies of such documents and any portions thereof. The term includes all drafts of a document; the original document (or a copy thereof if the original is not available); and all copies that differ in any way from the original (including as to any notations, underlining, or other markings). The term also includes information stored in, or accessible through, computer or other information retrieval systems, together with instructions and all other materials necessary to use or interpret such data compilations.

17. "Communications" refer to any transfer of information, ideas, opinions, or thoughts by any means (whether oral or written), at any time or place, under any circumstances. Communications include statements, dialogues, colloquialisms, discussions, conversations, agreements, expressions of any kind, correspondence, e-mails, text messages, facsimiles, memoranda, letters, notes, face-to-face conversations, telephone conversations, social media messages or posts, instant messages, electronic chat messages, newsletters, announcements, and press releases.

## INSTRUCTIONS

1. Objections and responses to these Requests shall be made in writing and served by September 1, 2026. BofA must: a) specify the part of the request that is objectionable and respond and allow inspection of materials responsive to the remainder of the request; and b) state whether any responsive materials are being withheld based on an objection.

2. Unless otherwise specified, the relevant period related to these Requests is from the Petition Date to the present. These Requests are continuing in nature, and responsive documents should be produced as they become available.

3. The Debtor requests production of ESI in native format with metadata and production load files, and transactional data (e.g., ledger exports, wire logs) in usable native formats in compliance with Federal Rule of Civil Procedure 34(a)(1).

4. These Requests call to produce all responsive documents in BofA's possession, custody, or control or for which BofA has the legal right to obtain the documents requested. If BofA's response is that BofA does not have the legal right to obtain the requested documents, or the documents are not within BofA's possession or custody, BofA's response should identify to the best of BofA's knowledge who has the possession, custody, or control and the location of the documents.

5. If any responsive document or thing has been lost, destroyed, or otherwise is no longer in BofA's possession, custody, or control, BofA's response should include for each such Document or thing:

   a. The author, addressees, and any other recipients of the Document or thing;
   b. The date of the Document or thing (or state that it is not dated);
   c. A description in reasonable detail of the Document or thing;
   d. The reason the document or thing is no longer in BofA's possession, custody, or control; and
   e. If it was destroyed or otherwise disposed of, the reason it was destroyed or otherwise disposed of; and
   f. The full name and contact information for any person(s) who may have knowledge or information relating to the document or thing.

6. Documents are to be produced as kept in the usual course of business with any identifying labels, file markings, or similar identifying features or shall be organized and labeled to correspond to the categories requested herein. If there are no documents in response to a particular Request or if BofA withholds any responsive documents or categories of documents based on any objections, BofA shall state so in writing.

7. If any document is withheld in whole or in part for any reason including, without limitation, a claim of privilege or work product, BofA must provide a privilege log.

8. Examples of responsive items set out in any Request should not be construed to limit the scope of the Request.

9. These Requests are continuing, to the fullest extent allowed by Federal Rule of Civil Procedure 26(e), to request: a) BofA's response to these Requests by September 1, 2026, as requested by the Debtor, or within 30 days as permitted by the Federal Rule; and b) prompt supplementation of BofA when appropriate or necessary.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:** Any Documents or Communications received Relating to the Debtor, the Debtor's Entities, or the Debtor's BofA Accounts from any party Relating to the State Court Matter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 2:** Any Documents or Communications received Relating to the Debtor, the Debtor's Entities, or the Debtor's BofA Accounts from any party Relating to the Bankruptcy Matter.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 3:** Any Documents or Communications received Relating to the Debtor, the Debtor's Entities, or the Debtor's BofA Accounts from State Court Plaintiffs or their counsel, agent, or representative.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 4:** Any Documents or Communications received Relating to the Debtor, the Debtor's Entities, or the Debtor's BofA Accounts from State Court Plaintiffs' Counsel.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 5:** Any Documents or Communications received Relating to the Debtor, the Debtor's Entities, or the Debtor's BofA Accounts from Catherine H. Goodman, as an individual, in her capacity as the receiver of the Jones-Ledbetter Family Revocable Trust or in her capacity as the temporary administrator of the Estate of Lonnie K. Ledbetter, Jr., Deceased, or her counsel, agent, or representative.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 6:** Any Documents or Communications forming the basis for BofA's decision to freeze, lock, or remove Debtor's control of the Debtor's BofA Accounts on or about August 21, 2026, or August 25, 2026.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 7:** Any Documents or Communications identifying or sufficient to show the date any Documents or Communications responsive to Request Nos. 1 to 6 were received by BofA, including postmarks, facsimile cover pages, email headers, phone logs, mail logs, return receipts, packing slips, packing receipts, or date letterhead.

**RESPONSE:**